STORZ & ILER v. ANDREW RILEY ET AL.

FILED SEPTEMBER 19, 1894.   No. 5120.

Conflicting Evidence: REVIEW.   Where there is evidence upon
    which the jury might have found for either litigant, the verdict
    of a jury will not be disturbed because of a doubt as to a mere
    preponderance of the evidence.

ERROR from the district court of Douglas county.   Tried
below before HOPEWELL, J.

   *Lake, Hamilton & Maxwell*, for plaintiffs in error.

   *Cornish & Robertson*, contra.

   RYAN, C.

   In the year 1887, Storz & Iler were engaged in manu-
facturing and selling beer in Omaha.  . The firm of Murphy
& Woodmansee, retail liquor dealers, bought largely of the
first named firm, so that there was due a balance of $2,253.
The firm first mentioned advanced to Mr. Woodmansee the
sum of $2,800, with which to buy out the interest of Mr.
Murphy.   Thus Mr. Woodmansee on November 12, 1887,
became indebted to Storz & Iler in the sum of $5,053.
The lease of the building, wherein was the stock of goods
managed thenceforth by Woodmansee, was transferred to
Storz & Iler, and a license was applied for and obtained
authorizing said Storz & Iler to carry on the liquor busi-

ness therein for one year.    Mr. Woodmansee had charge of this business and so managed it that there was finally a balance due the defendants in error of $1,400, for which amount a verdict was returned and judgment thereon rendered in the district court of Douglas county against the plaintiffs in error.    The pivotal question in the trial was whether or not Storz & Iler were principals for whom Woodmansee was acting simply as agent in purchasing liquors from the defendants in error.  In his testimony Mr. Woodmansee testified to the condition last named being a correct statement of the relation which Storz & Iler sustained to said purchase.    This was denied by Mr. Storz and Mr. Iler respectively, and both these statements were reinforced by collateral evidence.    It would subserve no useful purpose to detail the evidence adduced, for the result would be but to show that the jury might have found for either plaintiff or defendant.    In this condition of the proofs the verdict will not be disturbed as unsustained by the evidence.

The testimony of Mr. Woodmansee was given by deposition, and it is insisted that many interrogatories were leading.    This objection is well taken, and yet we cannot see that prejudice therefrom resulted to the plaintiffs in error.    Of necessity the form of questions, as well as the order in which testimony is introduced, must be left to the sound discretion of the trial judge.    A careful examination of the record fails to show that in either of these respects this discretion has been improperly exercised.

The criticism of instructions is because of technical use of language in referring to matters to which the proofs were directed.    It is true, as suggested in argument, that the pleadings were not strictly followed in these matters, and yet the jury could not have been misled, for in each such case the reference was to questions of fact in dispute in the same language as had been employed by witnesses in giving evidence.

We find no error in the record and the judgment of the district court is

AFFIRMED.